HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARY DUETT, a Washington resident,

    Plaintiff,

    v.

STATE FARM MUTUTAL AUTOMOBILE INSURANCE COMPANY, a foreign corporation doing business in Washington,

    Defendant.

Case No. 2:19-cv-01917-RAJ

ORDER

## I. INTRODUCTION

This matter comes before the Court on Defendant's Motion for Partial Summary Judgment Dismissing Declaratory Judgment and *Olympic Steamship* Claims. Dkt. # 11. Having considered the submissions of the parties, the relevant portions of the record, and the applicable law, the Court finds that oral argument is unnecessary. For the reasons below, the motion is **GRANTED**.

## II. BACKGROUND

In 2009, Plaintiff Mary Duett was struck by a pick-up truck as she was crossing a street, sustaining several injuries and causing permanent damages. Dkt. # 1-1 ¶ 3.3.[1] The

---

[1] For purposes of this motion, Defendant assumes without conceding that the allegations in the complaint are true. Dkt. # 11 at 2 n.1. The Court does the same.

ORDER – 1

driver, Yuri DiBello, however was insured only up to $100,000. *Id.* ¶¶ 3.3-3.4. Ms. Duett made a policy limit demand on Mr. DiBello and later settled her claims against him for $100,000. *Id.* ¶ 3.5. Still, Ms. Duett's treatment for her injuries continued. *Id.*

About nine years later, her treatment complete, Ms. Duett turned to her own insurer, Defendant State Farm Mutual Automobile Insurance Company ("State Farm"). *Id.* ¶ 3.6. Under her policy with State Farm, she was entitled to benefits for injuries caused by underinsured motor vehicles ("UIM"). *Id.* ¶ 5.2. That is, State Farm agreed to pay "compensatory damages for bodily injury [that] an insured is legally entitled to recover from the owner of an underinsured motor vehicle." *Id.* ¶ 5.3. Given her medical expenses, pain and suffering, loss of ability and capacity to enjoy life, and permanent disabilities, Ms. Duett asserted a total damage of $221,543.79. *Id.* ¶ 3.6. Because this amount exceeded the $100,000 she received from her settlement with Mr. DiBello, she sought UIM benefits from State Farm. *See id.* ¶¶ 3.5-3.6. Offsetting the $100,000, Ms. Duett submitted UIM demand of $121,543.79. *Id.*

On April 18, 2018, State Farm denied her claim. *Id.* ¶ 3.7; Dkt. # 12-1. State Farm stated: "Our evaluation would indicate Ms. Duett was made whole by [the at fault carrier's insurance provider], therefore, State Farm is unable to consider further payment under the underinsured motorist coverage." Dkt. # 12-1. State Farm did not respond to Ms. Duett's later request for an explanation of State Farm's determination. Dkt. # 1-1 ¶¶ 3.8-3.12.

Ms. Duett sued State Farm in King County Superior Court, and later State Farm removed to this Court. Dkt. # 1. State Farm then moved for partial summary judgment on Ms. Duett's declaratory judgment claim and request for attorney's fees. Dkt. # 11.

### III.  LEGAL STANDARD

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a

ORDER – 2

1  genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
2  Where the moving party will have the burden of proof at trial, it must affirmatively
3  demonstrate that no reasonable trier of fact could find other than for the moving party.
4  *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).  On an issue where
5  the nonmoving party will bear the burden of proof at trial, the moving party can prevail
6  merely by pointing out to the district court that there is an absence of evidence to support
7  the non-moving party's case.  *Celotex Corp.*, 477 U.S. at 325.  If the moving party meets
8  the initial burden, the opposing party must set forth specific facts showing that there is a
9  genuine issue of fact for trial to defeat the motion.  *Anderson v. Liberty Lobby, Inc.*, 477
10 U.S. 242, 250 (1986).  The court must view the evidence in the light most favorable to
11 the nonmoving party and draw all reasonable inferences in that party's favor.  *Reeves v.*
12 *Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51 (2000).

### IV.  DISCUSSION

State Farm seeks summary judgment on two issues.  First, it argues that Ms. Duett's declaratory judgment claim fails because Ms. Duett does not identify a controversy over the existence or scope of coverage under the automobile insurance policy.  Dkt. # 11 at 2.  Second, it argues that Ms. Duett is not entitled to attorney's fees under *Olympic Steamship Co., Inc. v. Centennial Ins. Co.*, 811 P.2d 673 (Wash. 1991), because this is a claim dispute not a coverage dispute.  *Id.*

**A.     Declaratory Judgment**

Under Washington's Declaratory Judgment Act, courts may "declare rights, status and other legal relations." *Robertson v. GMAC Mortg. LLC*, 982 F. Supp. 2d 1202, 1206 (W.D. Wash. 2013) (quoting *Nollette v. Christianson*, 800 P.2d 359 (Wash. 1990)). "[A]bsent issues of major public importance, a justiciable controversy must exist before a court's jurisdiction may be invoked under the act." *Nollette*, 800 P.2d at 362.  A justiciable controversy exists when there is:

ORDER – 3

> (1) ... an actual, present and existing dispute, or the mature seeds of one, as distinguished from a possible, dormant, hypothetical, speculative, or moot disagreement, (2) between parties having genuine and opposing interests, (3) which involves interests that must be direct and substantial, rather than potential, theoretical, abstract or academic, and (4) a judicial determination of which will be final and conclusive.

*Id.* Further, under RCW 7.24.020, a "person interested under a . . . written contract . . . may have determined any question of construction or validity arising under the . . . contract."

There is no justiciable controversy here. Ms. Duett, in conclusory fashion, alleges that such a controversy exists over "the construction and interpretation of the [automobile] insurance policy." Dkt. # 1-1 ¶ 4.7. Yet she has not identified any specific provision that she would like the Court to determine the "construction or validity" of. RCW 7.24.020. Nor has she identified any provision whose interpretation the parties disagree about. Indeed, State Farm admits UIM coverage under the policy. Dkt. # 9 ¶ 4.7; Dkt. # 11 at 5, 8. Thus, Ms. Duett fails to raise an actual, present, or existing dispute as to the interpretation of the policy.

Of course, Ms. Duett seeks declaratory judgment on other issues as well. Dkt. # 1-1 ¶ 4.8. She asks the Court to declare that State Farm "acted arbitrarily and unreasonably[] and in bad faith, by failing to conduct a reasonable investigation into [her] UIM claim[] and failing to pay her UIM benefits." *Id.* These issues, however, are best resolved through Ms. Duett's contract and tort claims.

"Ordinarily, where a plaintiff has another adequate remedy, he or she should not proceed by way of a declaratory judgment action." *Wagers v. Goodwin*, 964 P.2d 1214, 1216 (Wash. Ct. App. 1998). That said, declaratory judgment "may be 'appropriate' in some situations, notwithstanding the availability of another remedy." *Id.* Besides declaratory judgment, Ms. Duett alleges breach of contract, breach of the implied covenant of good faith and fair dealing, and bad faith. Dkt. # 1-1 ¶¶ 5.1-6.4, 9.1-9.4. These claims provide Ms. Duett with adequate relief—through these claims, the Court

ORDER – 4

will be able to resolve issues surrounding State Farm's alleged bad faith and failure to perform under the insurance policy. Because Ms. Duett has other adequate remedies available, declaratory relief is generally inappropriate. And the Court sees no reason to deviate from this general rule.

Finally, Ms. Duett claims that another justiciable controversy exists as the Court must determine whether she is entitled to attorney's fees under *Olympic Steamship Co. v. Centennial Insurance Co.*, 811 P.2d 673, 682 (Wash. 1991). Dkt. # 13 at 16-17. But this argument has no basis in the complaint; she raises it for the first time in her response to this motion. *See* Dkt. # 1-1 ¶¶ 4.1-4.8. In any event, Ms. Duett is not entitled to *Olympic Steamship* fees as a matter of law as described below. *See infra* Section IV.B.

For these reasons, the Court **GRANTS** State Farm's motion for summary judgment on Ms. Duett's declaratory judgment claim.

### B. *Olympic Steamship* Fees

In *Olympic Steamship*, the Washington Supreme Court held that "an insured who is compelled to assume the burden of legal action to obtain the benefit of its insurance contract is entitled to attorney fees." 811 P.2d at 682. The state supreme court later clarified its ruling in *Dayton v. Farmers Insurance Group*, 876 P.2d 896, 898 (Wash. 1994). The *Dayton* court held that when "[c]overage is not an issue" and the dispute instead is "over the value of the claim presented under the policy," the rule in *Olympic Steamship* does not govern. *Id.* Thus, if "the insurer admits coverage but, in good faith, denies or disputes the value of the claim, *Olympic S*[*teamship*] does not authorize fees." *Solnicka v. Safeco Ins. Co. of Illinois*, 969 P.2d 124, 126 (Wash. Ct. App. 1999).

Put differently, an insured may be entitled to *Olympic Steamship* fees when there is a "coverage dispute" but not when there is a "claim dispute." *Id.*

> Coverage disputes include cases in which coverage is denied and those in which the extent of the benefit is disputed. Coverage questions focus on such questions as whether there is a contractual duty to pay, who is insured,

ORDER – 5

>    the type of risk insured against, or whether an insurance contract exists at all.
>
>    Claim disputes, on the other hand, raise factual questions about the extent of the insured's damages. They involve factual questions of liability, injuries, and damages . . . .

*Id.* (citations omitted); *see also Leingang v. Pierce Cty. Med. Bureau, Inc.*, 930 P.2d 288, 294 (Wash. 1997) ("[C]overage concerns whether the insurer has a duty to pay while a claim issue concerns how extensive damages were[.]") (citing *Kroeger v. First Nat. Ins. Co. of Am.*, 908 P.2d 371, 373 (Wash. Ct. App. 1995)).

Despite Ms. Duett's contestations, this, as a matter of law, is a claim dispute not a coverage dispute. Since the beginning, State Farm has not denied its contractual duty to pay UIM benefits; it has simply disputed the value of Ms. Duett's claim. Dkt. # 12-1. Today, State Farm admits coverage. Dkt. # 9 ¶ 4.7 ("State Farm states that no justiciable controversy over the interpretation or construction of the policy exists because coverage is confirmed . . . ."). State Farm does not currently argue, for example, that an exclusion applies or that Ms. Duett does not qualify as an "insured" under the policy or that, even if Ms. Duett could establish damages greater than $100,000, State Farm would not have a duty to pay. Dkt. # 15 at 6. State Farm's current position, which the Court will hold it to, is that "it will pay whatever the jury determines to be the appropriate award (subject to the limits [of the policy])." *Id.* at 7.

What remains to be determined, then, are factual questions about Ms. Duett's injuries and damages stemming from her accident, making this a claim dispute. From there, the Court must assess whether Ms. Duett's damages in fact exceeded $100,000, entitling her to UIM benefits under the policy. Because State Farm admits coverage but disputes the value of Ms. Duett's claim, *Olympic Steamship* does not apply.

Yet Ms. Duett insists that this is a coverage dispute. At bottom, however, she fails to identify any coverage issues, such as "whether there is a contractual duty to pay, who is insured, the type of risk insured against, or whether an insurance contract exists at all."

ORDER – 6

*Solnicka*, 969 P.2d at 126. Thus, her characterization of this matter as a coverage dispute is unconvincing.

In sum, the Court **GRANTS** State Farm's motion for summary judgment as to attorney's fees under *Olympic Steamship*.

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion for Partial Summary Judgment Dismissing Declaratory Judgment and *Olympic Steamship* Claims. Dkt. # 11.

DATED this 29th day of September, 2020.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 7