UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARY DUETT,<br><br>               Plaintiff,<br><br>    v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>               Defendant. | CASE NO. 2:19-cv-01917-LK<br><br>**ORDER GRANTING IN PART AND DEFERRING IN PART, PLAINTIFF'S MOTION TO COMPEL** |

This case involves a first-party insurance dispute between Plaintiff Mary Duett and Defendant State Farm Mutual Automobile Insurance Company ("State Farm"). Plaintiff's Motion to Compel and Alternative Motion in Limine (Dkt. 23) has been referred to the undersigned Magistrate Judge pursuant to Rule 72(a) and 28 U.S.C. § 686(b)(1)(A).[1] The Court concludes that the motion should be granted in part and deferred in part.

BACKGROUND

A.    Plaintiff's Allegations

In 2009, Plaintiff was struck by a pick-up truck as she was crossing a street. Plaintiff sustained several injuries which caused permanent damages. Dkt. 1-1 ¶ 3.3.[2] The driver, Yuri

---

[1] Defendant State Farm's separate Motion to Compel (Dkt. 27) has also been referred to the undersigned and is the subject of a separate order.

[2] For purposes of these motions the Court assumes that the allegations of Plaintiff's Complaint are true.

ORDER GRANTING IN PART AND DEFERRING IN PART, PLAINTIFF'S MOTION TO COMPEL - 1

DiBello, was insured only up to $100,000. *Id*. ¶¶ 3.3-3.4. Plaintiff made a policy limit demand on Mr. DiBello and later settled her claims against him for $100,000. *Id*. ¶ 3.5. Plaintiff's treatment for her injuries continued. *Id*.

About nine years later, her treatment complete, Plaintiff turned to her own insurer, State Farm under her underinsured motor vehicle ("UIM") coverage. *Id*. ¶ 3.6. Under that policy, State Farm agreed to pay "compensatory damages for bodily injury [that] an insured is legally entitled to recover from the owner of an underinsured motor vehicle." *Id*. ¶ 5.3. Given her medical expenses, pain and suffering, loss of ability and capacity to enjoy life, and permanent disabilities, Plaintiff asserted a total damage of $221,543.79. *Id*. ¶ 3.6. Because this amount exceeded the $100,000 that she received from her settlement with Mr. DiBello, Plaintiff sought UIM benefits from State Farm in the amount of $121,543.79. *See id*. ¶¶ 3.5-3.6.

On April 18, 2018, State Farm denied Plaintiff's claim, stating "Our evaluation would indicate Ms. Duett was made whole by [the at fault carrier's insurance provider], therefore, State Farm is unable to consider further payment under the underinsured motorist coverage." *Id.* 3.7; Dkt. 14, Declaration of David B. Richardson, Exhibit 5.[3]

On May 10, 2018, Plaintiff asked State Farm to identify and list the medical and other records reviewed by State Farm; a list of the injuries State Farm accepted as causally related to the accident; a list of the injuries State Farm did not accept as causally related; medical recording supporting State Farm's position; total general and special damages accepted on the claim; an accounting of how State Farm determined that her damages came to exactly $100,000; and a list

---

[3] Plaintiff's current counsel, Randall Johnson, filed his declaration in support of this motion to compel (Dkt. 24) and within that declaration, cites to the previously filed Declaration of David Richardson, Plaintiff's former counsel (Dkt. 14). To avoid confusion and for ease of reference, the Court cites directly to each declaration and attached exhibits where appropriate.

ORDER GRANTING IN PART AND
DEFERRING IN PART, PLAINTIFF'S
MOTION TO COMPEL - 2

of any other recoveries State Farm felt were applicable to the calculation of Plaintiff's UIM claim. Dkt. 14, Richardson Decl., Exhibit 6.

On June 8, 2018, State Farm responded that it was "in the process of addressing the information you have requested." Dkt. 14, Richardson Decl., Exhibit 7. On July 11, 2018, State Farm again advised that it was "still in the process of addressing the information you have requested." *Id.*, Johnson Decl. Exhibit 1, ¶12. State Farm never provided the information requested by Plaintiff's May 10, 2018 letter. Dkt. 1-1 ¶¶ 3.8-3.12. Instead, on July 19, 2018, Shawna M. Lydon, counsel for State Farm, sent a letter to Plaintiff's counsel stating that "State Farm's evaluation is its own work product to which your client is not entitled to learn its bases." Dkt. 14, Richardson Decl., Exhibit 9.

On October 28, 2019, Plaintiff sued State Farm in King County Superior Court, and later State Farm removed to this Court. Dkt. 1.

B.   Facts Relating to Plaintiff's Motion to Compel

   1.   Interrogatories and Requests for Production

On February 3, 2021, Plaintiff served State Farm with interrogatories and requests for production. Dkt. 24, Johnson Decl., pp. 102-122. The discovery sought, among other things, a detailed explanation of the steps taken by State Farm to investigate Plaintiff's UIM claim, the evidence it reviewed in connection with the UIM claim, the injuries State Farm accepted as causally related to the accident, and the general and special damages it accepted as related to the accident. *Id.*, Interrogatories 1, 2, 3, 4 and 5. State Farm objected, asserting that the information sought is protected under the work product doctrine:

> [S]eek disclosure of immunized work product. Due to the adversity between a UIM claimant and her UIM insurer, the insurer is not obligated to disclose its internal evaluation processes. *See*, *e.g.*, *Hanson v. State Farm Mut. Auto. Ins. Co.*, 261 F. Supp. 2d [sic] 1110, 1118 (W.D. Wash. 2017).

ORDER GRANTING IN PART AND
DEFERRING IN PART, PLAINTIFF'S
MOTION TO COMPEL - 3

*See* Dkt. 24, pp. 109-112; Dkt. 24, p. 124 (Privilege Log – Claim File).

State Farm also responded that it "did not retain any health care provider to review plaintiff's medical records during the claims handling process" (Response to Interrogatory 6) and that State Farm did not use any computer programs or software to establish ranges of variables on damages or recovery times. (Response to Interrogatory 8).

The discovery in dispute includes redactions to the Claim File based on work product and attorney client privilege. *See* Dkt. 23 (Chart Identifying SFCLAIM000045-000047 ("Log Notes" "IFCA Notice" dated 5/16/18 through 6/25/18); SFCLAIM000100-SFCLAIM000105 ("Log Notes" "Injury Claim Evaluation" dated March 9, 2018 or March 13, 2018); SFCLAIM000144-SFCLAIM000155 ("Log Notes" "Injury Claim Evaluation" undated or dated "3/2018"); SFCLAIM000258-SFCLAIM000266 ("Correspondence" "Injury Claim Evaluation" dated 6/25/2018).

In sum, Plaintiff seeks to compel production of sixteen redactions to the Claim File where State Farm claims a work product exemption for data entries made by a claims representative in March of 2018 (or undated entries). Plaintiff also seeks to compel production of five redactions to the Claim File, where State Farm is claiming both work product and attorney client privilege, and a single document where State Farm claimed only attorney client privilege. All the documents and/or log entries sought by Plaintiff were submitted before July 1, 2018, and predate the filing of Plaintiff's IFCA notice, which was filed on July 10, 2019. *See* Dkt. 26, Declaration of Joseph D. Hampton, Exhibit 2.

2. <u>Deposition of Claims Representative</u>

On August 4, 2021, Plaintiff took the deposition of Kandi Albers, State Farm's claims representative. Ms. Albers claimed that she did not recall what information she relied upon to

ORDER GRANTING IN PART AND
DEFERRING IN PART, PLAINTIFF'S
MOTION TO COMPEL - 4

determine if Plaintiff had been made whole, and because of redactions to the Claim File, could not offer any testimony regarding the details of her claim handling. Dkt. 24, Johnson Decl., Ex. 4, Kandi Albers Deposition, pp. 55; 79.[4] Questions posed as to what specific numbers Ms. Albers used in her evaluation of the claim were objected to as work product, and the witness was instructed not to answer. *Id.*, pp. 103-104.

## DISCUSSION

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense...." Fed. R. Civ. P. 26(b)(1). Information is relevant if it is "reasonably calculated to lead to the discovery of admissible evidence." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (quoting *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992)). In addition to relevance, the Court must determine whether discovery is proportional, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

The Court has broad discretion to compel disclosure of discovery. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Cable & Computer Tech., Inc. v. Lockheed Sanders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997). Pursuant to Fed. R. Civ. P. 37(a)(4), an evasive answer is treated as a failure to respond.

---

[4] The deposition is found at Dkt. 24, pp. 129-174 – the citations above are to the deposition transcript numbering.

ORDER GRANTING IN PART AND
DEFERRING IN PART, PLAINTIFF'S
MOTION TO COMPEL - 5

Here, there is no question that the discovery sought is relevant to Plaintiff's claims and State Farm's defenses in this UIM action. There is no dispute as to the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, or whether the burden or expense of the proposed discovery outweighs its likely benefit. The objections to this evidence are based solely on the work product doctrine and attorney-client privilege.

A.  <u>Work Product Doctrine</u>

The work product doctrine is governed by federal law. *Lexington Ins. Co. v. Swanson*, 240 F.R.D. 662, 666 (W.D. Wash. 2007). "To qualify for work-product protection, documents must: (1) be prepared in anticipation of litigation or for trial and (2) be prepared by or for another party or by or for that other party's representative." *United States v. Richey*, 632 F.3d 559, 567-68 (9th Cir. 2011) (internal quotation marks omitted). If a document serves a dual purpose and was not prepared exclusively for litigation, the "because of" test applies, and "courts must consider the totality of the circumstances and determine whether the document was created because of anticipated litigation[ ] and would not have been created in substantially similar form but for the prospect of litigation." *Gamble v. State Farm Mutual Auto. Ins. Co.*, No. C19-5956RJB, 2020 WL 4193217, at *3 (W.D. Wash. July 20, 2020) (citing *Richey*, 632 F.3d at 567-68).

Opinion work product "is virtually undiscoverable." *Republic of Ecuador v. Mackay*, 742 F.3d 860, 870 n.3 (9th Cir. 2014). However, the Ninth Circuit has found that, on a case-by-case basis, an insured may be able to obtain opinion work product. *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 577 (9th Cir. 1992). In contrast, materials prepared in the ordinary

ORDER GRANTING IN PART AND
DEFERRING IN PART, PLAINTIFF'S
MOTION TO COMPEL - 6

course of business are not protected. Fed. F. Civ. P. 26(b)(3), 1970 Advisory Committee Notes. "[A]n insurer cannot delegate its obligation to make a coverage determination, which is after all its business, to an attorney and then, claim 'work product privilege.'" *Gamble* at *3.

State Farm relies on *Hanson v. State Farm Mut. Auto. Ins. Co.*, 261 F. Supp. 3d 1110, 1118 (W.D. Wash. 2017); *Schrieb v. A. Family Mut. Ins. Co.*, 304 F.R.D. 282, 288 (W.D. Wash. 2014); and Fed. R. Civ. P 26(b)(3)(B) for the proposition that the discovery sought is protected by the work product doctrine – "due to the adversity between a UIM claimant and her UIM insurer, the insurer is not obligated to disclose its internal evaluation processes." However, there is nothing in these cases indicating that 'because UIM claims are inherently adversarial' they are treated differently than an ordinary claim of work product or that the 'the mental impressions, conclusions, or opinions of an insurance company' documented in the claim files notes cannot be disclosed. As previously explained by this Court:

> Notwithstanding the adversarial roles in which Plaintiff and State Farm find themselves in as a function of the UIM insured and insurer relationship, State Farm must demonstrate that the claims notes and injury evaluations it withholds *were created because of litigation*.

*Hews v. State Farm Mut. Auto. Ins. Co.*, Case 2:15-cv-00834-RAJ Dkt. 31 (W.D. Wash. Feb 24, 2016 (emphasis added).

State Farm continues to advance this "adversarial" argument even though it has been repeatedly rejected by this Court. *See Hews*, supra; *Gamble*, 2020 WL 4193217 (W.D. Wash. July 21, 2020) (UIM case involving State Farm; materials at issue related to claim investigation in the ordinary course of business where State Farm's law firm was hired at least in part to engage in the claims investigation process) and *Barge v. State Farm*, 2016 WL 6601643 at *6 (W.D. WA Nov. 8, 2016) (another UIM case involving State Farm, where documents pre-dating

ORDER GRANTING IN PART AND
DEFERRING IN PART, PLAINTIFF'S
MOTION TO COMPEL - 7

IFCA claim notices were in the ordinary course of business and not protected by the work product doctrine).

Here, work product protection does not appear applicable to the materials at issue. Courts have typically found it is reasonable for an insurance carrier to anticipate litigation once it receives notice of an IFCA claim. *Schrieb*, 304 F.R.D. at 286; *Johnson v. Allstate Prop. & Cas. Ins. Co.*, 2014 WL 4293967 (W.D. Wash. Aug. 29, 2014). In this case, Plaintiff's IFCA notice is dated July 10, 2019. Dkt. 26-2. The documents Plaintiff seeks were created before July 1, 2018 by a claims representative investigating Plaintiff's UIM claim.

B.  <u>Attorney-Client Privilege</u>

Under Washington law, attorney-client privilege is presumptively inapplicable in a first-party insurance bad faith action. *Cedell v. Farmers Ins. Co. of Wash.*, 176 Wn.2d 686, 697 (2013). *Cedell* creates a presumption that there is no attorney-client privilege between the insured and the insurer in the claims adjustment process. *Id*. However, "in the UIM context, the insurance company is entitled to counsel's advice in strategizing the same defenses that the tortfeasor could have asserted." *Id*. An insurer may therefore, overcome *Cedell's* "presumption of discoverability by showing its attorney was not engaged in the quasi-fiduciary tasks of investigation and evaluating or processing the claim, but instead in providing the insurer with counsel as to its own liability: for example, whether or not coverage exists under the law." *Id*. at 699. "Upon such a showing, the insurance company is entitled to an *in camera* review of the claims file, and to the redaction of communications from counsel that reflected the mental impressions of the attorney to the insurance company, unless those mental impressions are directly at issue in its quasi-fiduciary responsibilities to its insured." *Id*.

ORDER GRANTING IN PART AND
DEFERRING IN PART, PLAINTIFF'S
MOTION TO COMPEL - 8

State Farm has redacted SFCLAIM000045-47 (Log Notes Re: IFCA Notice) based on "Work Product; Attorney Client" and SFCLAIM000258-266 (Correspondence) based on Attorney Client. *See* Dkt. 23, p. 7. The Court has previously held that the log entries (dated between 5/16/2018 and 6/25/2018), which were made prior to Plaintiff's IFCA Notice, are considered to have been created in the ordinary course of business, *i.e.*, during State Farm's evaluation and processing of the claim and therefore, are not protected by the work product doctrine.

As to the assertion of the attorney client privilege, an insurer can only overcome *Cedell's* "presumption that there is no attorney-client privilege relevant" if it shows that its attorney was not engaged in the quasi-fiduciary task of investigating and evaluating or processing a claim, but instead in providing the insurer with counsel as to its own liability. *See e.g.*, *Barge*, 2016 WL 6601643 at *3.

State Farm asserts that Ms. Lydon was not engaged in the quasi-fiduciary task of investigation of evaluating Plaintiff's UIM claim because it had already completed that investigation and evaluation. Dkt. 25, p. 6. However, State Farm never responded to Plaintiff's requests for information regarding State Farm's investigation of its claim. Instead, State Farm responded on at least two occasions in June and July of 2018, that it was "still processing" her claim. Dkt. 14, Richardson Decl., Exhibits 7 and 8. Then, a week later Ms. Lydon wrote to Plaintiff's counsel stating State Farm was not legally obligated to provide the basis for its evaluation of Plaintiff's claim. *Id.*, Ex. 9.

Based on the record, the Court cannot determine if Ms. Lydon was acting in a quasi-fiduciary capacity or advising State Farm regarding its exposure to liability. Without review of the materials redacted under the attorney-client privilege, the Court cannot determine whether

the materials pertain to a claim investigation (and are not privileged) or provide counsel as to liability (and are privileged).

## CONCLUSION

Accordingly, it is **ORDERED**:

1) Plaintiff's motion to compel production of unredacted portions of the Claim File presently marked as "work product" (*see* Dkt. 24, pp. 3-4 Chart of Redacted/Withheld Documents), answers to Interrogatories 1, 2, 3, 4 and 5; and to compel deposition answers regarding State Farm's investigation and analysis of Plaintiff's UIM claim prior to the IFCA notice is **GRANTED**;

2) State Farm shall produce to the Court for *in camera* review all materials that were redacted or withheld under the attorney-client privilege no later than **February 18, 2022**. The Court reserves ruling as to whether the materials are privileged attorney-client communications until after it conducts its review. The Court also reserves ruling on Plaintiff's motion for sanctions. The Clerk is directed to **re-note** these issues for consideration on **February 25, 2022**.

DATED this 11th day of February, 2022.

BRIAN A. TSUCHIDA
United States Magistrate Judge