UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARY DUETT,

Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

Defendant.

CASE NO. 2:19-cv-01917-LK

**ORDER DENYING DEFENDANT'S MOTION TO COMPEL**

This case involves a first-party insurance dispute between Plaintiff Mary Duett and Defendant State Farm Mutual Automobile Insurance Company ("State Farm"). State Farm's Motion to Compel (Dkt. 27) has been referred to the undersigned Magistrate Judge pursuant to Rule 72(a) and 28 U.S.C. § 686(b)(1)(A).[1] At issue in State Farm's motion are Plaintiff's answers to Interrogatory Nos. 1 and 4. Dkt. 27; Dkt. 31, Amended Declaration of Joseph D. Hampton, Exhibit 7. Alternatively, State Farm seeks an order compelling Plaintiff's counsel to explain the bases for his evaluation of Plaintiff's UIM claim and the amounts Plaintiff would have accepted in settlement of the claim had that amount been offered by State Farm. Dkt. 32, p. 1. State Farm's motion is **DENIED**.

[1]Plaintiff's separate Motion to Compel (Dkt. 23) has also been referred to the undersigned and is the subject of a separate order. Dkt. 34.

BACKGROUND

The factual and procedural background of this case are set forth in detail in the Court's Order Granting in Part and Deferring in Part, Plaintiff's Motion to Compel. Dkt. 24. At issue in this motion are Plaintiff's answers to Interrogatory Nos. 1 and 4. Dkt. 27; Dkt. 31, Amended Declaration of Joseph D. Hampton, Exhibit 7.

In Interrogatory No. 1, State Farm asks Plaintiff to state the "amount of UIM benefits State Farm should have paid you prior to institution of the suit; the factual basis for that contention; and the elements and amounts of damages sought for State Farm's alleged breach of contract. *Id.*, p. 36.

In Interrogatory No. 4, State Farm asked Plaintiff to refer to Paragraph 7.2.6. of the Complaint wherein she alleged she was "compelled to initiate litigation for her UIM benefits" and then asked multiple questions:

> (1) what is the least amount of UIM benefits you would have accepted from State Farm, to avoid being "compelled to initiate litigation";
>
> (2) whether the amount you would have accepted changed over time, and if so, state the amounts you would have accepted from State Farm, over the course of time between the motor vehicle accident and the commencement of this suit;
>
> (3) the standard used to determine what would have been "a reasonable offer" (jury verdict, arbitration award, attorney opinion, other), that you would have accepted to forego suit;
>
> (4) the name, address, telephone number and qualifications of the person or persons who made the determination of the stated acceptable amount of UIM benefits.

Dkt. 31, Exhibit 7, p. 49.

Plaintiff provided factual responses to these interrogatories and raised multiple objections, including work product, attorney-client privilege, overly broad, and ambiguity. State

Farm fails to address any of the objections other than work product. Dkt. 27, p. 12.

DISCUSSION

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense...." Fed. R. Civ. P. 26(b)(1). Information is relevant if it is "reasonably calculated to lead to the discovery of admissible evidence." *Surfvivor Media, Inc. v. Survivor Prods*., 406 F.3d 625, 635 (9th Cir. 2005) (quoting *Brown Bag Software v. Symantec Corp*., 960 F.2d 1465, 1470 (9th Cir. 1992)). In addition to relevance, the Court must determine whether discovery is proportional, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

The Court has broad discretion to compel disclosure of discovery. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp*., 307 F.3d 1206, 1211 (9th Cir. 2002). "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Cable & Computer Tech., Inc. v. Lockheed Sanders, Inc*., 175 F.R.D. 646, 650 (C.D. Cal. 1997).

The work product doctrine is governed by federal law. *Lexington Ins. Co. v. Swanson*, 240 F.R.D. 662, 666 (W.D. Wash. 2007). "To qualify for work-product protection, documents must: (1) be prepared in anticipation of litigation or for trial and (2) be prepared by or for another party or by or for that other party's representative." *United States v. Richey*, 632 F.3d 559, 567-68 (9th Cir. 2011) (internal quotation marks omitted). If a document serves a dual purpose and was not prepared exclusively for litigation, the "because of" test applies, and "courts must consider the totality of the circumstances and determine whether the document was created

because of anticipated litigation[ ] and would not have been created in substantially similar form but for the prospect of litigation." *Gamble v. State Farm Mutual Auto. Ins. Co.*, No. C19-5956RJB, 2020 WL 4193217, at *3 (W.D. Wash. July 20, 2020) (citing *Richey*, 632 F.3d at 567-68).

Notwithstanding State Farm's arguments to the contrary, "the adversarial roles in which Plaintiff and State Farm find themselves in as a function of the UIM insured and insurer relationship" do not change the parties' obligations to "demonstrate that the [discovery they] withhold[] were created because of litigation." *Hews v. State Farm Mut. Auto. Ins. Co.*, Case 2:15-cv-00834-RAJ Dkt. 31 (W.D. Wash. Feb 24, 2016).

In this case, State Farm asks that Plaintiff (defined by State Farm as "Mary Duett *and* her attorneys") be ordered to produce counsel's analysis of the complaint – a document clearly prepared in anticipation of litigation. State Farm provides the following explanation for this request:

> State Farm is seeking this discovery and moving to compel Plaintiff to answer Interrogatories 1 and 4 because Plaintiff has sought the same kind of information from State Farm. *If Plaintiff agrees that State Farm's post-demand analysis and valuation of her claim is work product and not discoverable, then State Farm will agree to not seek discovery on Plaintiff's counsel's analysis and valuation of the claim that was incorporated into the demand.*

Dkt. 32, p. 3. State Farm also argues that because UIM claims are adversarial in nature, it is entitled to obtain the mental impressions of an attorney who drafted a complaint because "[e] ither a UIM demand is prepared in anticipation of litigation, rendering it and the adversary's response to the demand work product, or it is just a regular document prepared in the normal course of an insurance claim." Dkt. 32, p. 3.

The Court disagrees with State Farm's analysis. First, State Farm is in possession of the UIM demand and supporting documentation, so it is aware of the facts underlying Plaintiff's

claims. Second, State Farm provides no authority to support its unique definition of work product. State Farm is aware that the adversarial nature of the UIM relationship does not allow State Farm to withhold parts of its claim file from discovery absent a showing that the information was created in anticipation of litigation. State Farm is also aware that it is reasonable for an insurance carrier to anticipate litigation once it receives notice of an IFCA claim. *See*, *e.g.*, *Johnson v. Allstate Prop. & Cas. Ins. Co*., 2014 WL 4293967 (W.D. Wash. Aug. 29, 2014). Plaintiff's IFCA notice is dated July 10, 2019. Dkt. 26-2.[2]

The documents Plaintiff sought to compel in her motion were created before July 1, 2018 by a claims representative investigating Plaintiff's UIM claim whereas, the information State Farm seeks to compel in its motion are the mental impressions of Plaintiff's attorney after suit was filed. They are not the same.

Accordingly, it is **ORDERED** that State Farm's motion to compel (Dkt. 27) is **DENIED.**

DATED this 11th day of February, 2022.

BRIAN A. TSUCHIDA
United States Magistrate Judge

[2] The Court ruled that the redacted portions of the Claim File pre-dating the IFCA Notice are not work product as they were not prepared in anticipation of litigation. *See* Dkt. 34, p. 10.